IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN J. FORD,

    Petitioner,               No. 2:12-cv-0577 MCE KJN P

    vs.

FEDERAL BUREAU OF PRISONS, et al.,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

    On July 27, 2012, this court directed petitioner to show cause, within thirty days, why his failure to oppose respondents' June 15, 2012 motion to dismiss should not be deemed a waiver of any opposition to the granting of the motion. (Dkt. No. 16.)  Petitioner was cautioned that failure to respond to the court's order, or to file an opposition to respondent's motion to dismiss, would result in a recommendation that this action be dismissed.  See Local Rule 230(l) ("Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."); Local Rule 110 ("Failure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

The period for responding has expired, and petitioner has neither responded to the court's order nor filed an opposition to the pending motion to dismiss.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [respondent]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In deciding to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. Petitioner's failure to respond to the court's order or respondent's pending motion suggest that petitioner has abandoned this action and that further time spent by the court thereon will needlessly consume scarce judicial resources. The third factor, prejudice to respondent, also favors dismissal. Petitioner's failure to oppose the motion delays resolution of this action on the merits, thereby causing respondent to incur additional time and expense. The fifth factor also favors dismissal. Because the court advised petitioner of the necessity to respond to the pending motion, and accorded petitioner additional time within which to do so, the court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, the court finds that all the other factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

////

1  For these reasons, IT IS HEREBY RECOMMENDED that this action be
2 dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
8 objections shall be filed and served within fourteen days after service of the objections.  The
9 parties are advised that failure to file objections within the specified time may waive the right to
10 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: September 26 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

15 ford0577.mtd.fr.kjn